UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| APPLIED BIOLOGICS LLC, a South Dakota limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>ANEW YOU LLC, a Georgia limited liability company;<br><br>Defendants. | NO.<br><br>**COMPLAINT**<br><br>(Breach of Contract; Account Stated; Alternative Claim for Unjust Enrichment; Recovery of Expenses of Litigation) |

Applied Biologics LLC ("Plaintiff") for its Complaint against Defendant ANew You LLC ("Defendant"),[1] hereby alleges as follows:

**PARTIES**

1. Plaintiff is a foreign manager-managed limited liability company organized and existing under the laws of the State of South Dakota, with its principal place of business located in Scottsdale, Arizona. Plaintiff's sole manager and sole member is Aspen Biotech Corporation, a domestic for-profit corporation organized under the laws of the State of Delaware with its principal place of business in Scottsdale, Arizona, and is therefore a citizen of Delaware and Arizona.

2. Defendant is a domestic limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business located in Macon, Georgia. Defendant's sole member is Tracy Lewis, an individual domiciled in Douglasville, Georgia, and is therefore a citizen of the State of Georgia. Plaintiff is not aware of any other members of Defendant.

**JURISDICTION AND VENUE**

3. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C.

---

[1] Plaintiff, together with Defendant, are each a "Party," and collectively, the "Parties."

4931-2064-9332\3

§ 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4. The Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and the Due Process Clause of the Fourteenth Amendment because Defendant conducts, or has conducted, business in the Middle District of Georgia, and Defendant has caused certain events to occur in the Middle District of Georgia out of which this action arises.

5. Venue in the Middle District of Georgia is proper pursuant to 28 U.S.C. § 1391(b). Defendant is located in this district.

## GENERAL ALLEGATIONS

6. Plaintiff is a fully-integrated life sciences company providing, among other things, product development, manufacturing and distribution of various medical technologies.

7. Plaintiff manufactures and distributes a medical product called XWRAP® (the "Product").

8. The Product is an allograft that is used in the management of chronic wounds such as diabetic foot ulcers, venous stasis ulcers and pressure ulcers.

9. Upon information and belief, Defendant specializes in providing mobile wound care services.

10. Defendant ordered Product from Plaintiff.

11. Thereafter, Plaintiff shipped the Product to Defendant and invoiced Defendant for the Product (collectively, the "Invoices"). A summary of the Invoices is attached hereto as **Exhibit 1** and incorporated herein by this reference. True and correct copies of the Invoices are attached hereto as **Exhibit 2** and incorporated herein by this reference.

12. Pursuant to the terms of the Invoices, payment for the Product was due within sixty (60) days of the dates listed on the respective Invoices.

13. Defendants made partial payments towards the Invoices, totaling $744,791.69.

14. However, to date, Defendant has failed to remit payment to Plaintiff for the remaining balance of the Invoices, totaling $2,403,700.64 (the "Outstanding Amount").

15. Defendant has, upon information and belief, used the Product that Plaintiff provided to it, but Defendant has failed or refused to remit payment to Plaintiff for the Product.

16. On or about October 3, 2025, Counsel for Plaintiffs sent Defendant a Demand for Payment letter (the "Demand Letter"), demanding Defendant pay Plaintiff for the Product it received by October 13, 2025. A true and correct copy of the Demand Letter is attached hereto as **Exhibit 3** and incorporated herein by this reference.

17. Defendant failed to remit the Outstanding Amount owed to Plaintiff by the October 13, 2025 deadline.

18. At all relevant times, Plaintiff has fully complied with its obligations under the Invoices.

19. Pursuant to O.C.G.A. §13-6-11, Plaintiff is entitled to recover its reasonable attorneys' fees and costs in connection with collection of payment due under the Invoices.

## CAUSES OF ACTION

### COUNT I

**(Breach of Contract)**

20. Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

21. The Invoices constitute valid and binding contracts.

22. At all relevant times, Plaintiff performed all of its contractual obligations, namely, delivery of the Product that Defendant purchased from Plaintiff.

23. Under the Invoices, Defendant has a contractual obligation to pay Plaintiff for the Product it received from Plaintiff.

24. Defendant has materially breached its contractual obligations by failing or refusing to pay the Outstanding Amount due under the Invoices to Plaintiff.

25. As a direct and proximate result of Defendant's material breach of its payment obligations under the Invoices, Plaintiff has been damaged in an amount to be proven at trial, but not less than the Outstanding Amount.

## COUNT II

### (Account Stated)

26. Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

27. Plaintiff and Defendant agreed that Plaintiff would provide Product to Defendant on account, and that defendant would pay to Plaintiff the balance of the account within sixty (60) days of the receipt of the Invoices.

28. Plaintiff issued Invoices to Defendant as set forth herein and Defendant did not object to the amounts due.

29. Defendant agreed, expressly or by implication, that the account balance is correct.

30. Defendant failed to pay Plaintiff when the amounts became due and owing.

31. The account remains unpaid, and Plaintiff is due the balance of the account.

## COUNT III

### (Alternative Claim for Unjust Enrichment)

32. Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

33. By providing the Product to Defendant as set forth herein and evidenced by the Invoices, Plaintiff conferred a benefit upon Defendant, with Defendant's express consent and at Defendant's express request.

34. Plaintiff reasonably expected payment for the benefit conferred by Defendant without delay.

35. It would be unjust for Defendant to retain the benefit Plaintiff conferred without restitution not less than the Outstanding Amount.

## COUNT IV

### (Recovery of Expenses of Litigation)

36. Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

37. Having received and used the Product which Defendant ordered from Plaintiff, Defendant has no factual or legal basis for not making full payment for the Product.

38. In failing to pay for the Plaintiff's product despite receiving the Demand Letter outlining the debt and demanding payment, Defendant acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expenses in bringing this action.

39. Pursuant to the provisions of O.C.G.A. §13-6-11, Plaintiff is entitled to recover all costs and expenses of litigation incurred by Plaintiff in connection with this action to recover the Outstanding Amount from Defendant.

**WHEREFORE**, the Plaintiff prays for judgment in its favor and against Defendant ANew You LLC, as follows:

A. Awarding Plaintiff the Outstanding Amount due under the Invoices;

B. Awarding Plaintiff pre-judgment and post-judgment interest on the foregoing amounts at the highest rate allowed under applicable law;

C. Awarding Plaintiff all of its attorneys' fees, costs and expenses pursuant to O.C.G.A. §13-6-11;

D. Alternatively, finding that Defendant has been unjustly enriched as a result of receiving the Product as evidenced by the Invoices, but without remitting payment to Plaintiff for the Product; and

E. Awarding Plaintiff such other and further relief as the Court deems just and

proper under the circumstances.

RESPECTFULLY SUBMITTED this 25th day of November, 2025.

/s/Duke R. Groover
DUKE R. GROOVER
State Bar No. 313225
ROBERT D. MCCULLERS
State Bar No. 486976

*Attorneys for Plaintiff Applied Biologics LLC*

JAMES-BATES-BRANNAN-GROOVER, LLP
231 Riverside Drive, Suite 100
Post Office Box 4283
Macon, Georgia 31208-4283
dgroover@jamesbatesllp.com
rmccullers@jamesbatesllp.com